UNITED STATES of America, Plaintiff,

v.

COLORADO SUPREME COURT, Grievance Committee of the Colorado Supreme Court, Colorado Supreme Court Disciplinary Counsel, Defendants.

Civ. A. No. 93–Z–2672.

United States District Court,
D. Colorado.

Dec. 14, 1994.

Henry L. Solano, U.S. Atty., Kathleen L. Torres, John M. Haried, Asst. U.S. Attys., Denver, CO, for plaintiff.

Maurice Knaizer, Deputy Atty. Gen., Laurie Rottersman, Asst. Atty. Gen., General Legal Services Section, Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

WEINSHIENK, District Judge.

Plaintiff brought this cause of action on behalf of its employees, the federal prosecutors licensed to practice law in Colorado. This action was brought pursuant to the Supremacy Clause of The United States Constitution, U.S. Const. Art. VI cl. 2, and seeks a declaration that Rules 3.3(d) and 3.8(f) of the Colorado Rules of Professional Conduct are null and void as they pertain to federal prosecutors in the performance of their federal duties. The Court has personal jurisdiction over the parties in this matter pursuant to 28 U.S.C. § 1331 as the claim raises a federal question. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2). Defendants filed a Motion Of Defendants To Dismiss Complaint For Failure To Join An Indispensable Party Or For Lack Of Subject Matter Jurisdiction which was fully briefed.

The Court denied defendants' motion as to their claim that plaintiff failed to join an indispensable party. Specifically, the Court held that the United States District Court was not an indispensable party because, even if this Court had not officially adopted the

ethical rules in question, federal prosecutors practicing in the state of Colorado would be subject to Rules 3.3(d) and 3.8(f).

The Court heard oral argument on defendants' motion to dismiss for lack of subject matter jurisdiction. After hearing oral argument it became evident to the Court that the underlying question raised by defendants motion was whether plaintiff had standing to raise the issues addressed in its complaint or whether in reality plaintiff was simply seeking an advisory opinion from this Court. On March 23, 1994, the Court granted said motion and issued an Order Of Dismissal.

■ Pursuant to the statute on Declaratory Judgments, a court may declare the rights of a party only "in a case of actual controversy." 28 U.S.C. § 2201. Thus, for plaintiff to have standing to bring this cause of action, it first

> must have suffered an "injury in fact"—an invasion of a legally-protected interest which is (a) concrete and particularized, ... and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' ...."

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, ——, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (citations omitted).

■ The Colorado Rules of Professional Conduct were adopted in May, 1992, and were effective January 1, 1993. Close to an entire year elapsed between the effective date of the rules and the filing of the instant matter. During the interim defendants opted not to entertain plaintiff's request for a federal prosecutor exemption; however, to date, not one disciplinary or grievance proceeding has been initiated against a federal prosecutor for violating the rules in question.

Plaintiff speculates that the reason no such proceedings have occurred is because plaintiff has altered its behavior to accommodate these new rules. Plaintiff argues that said alterations constitute actual injury. The Court disagrees. Said alterations have not affected plaintiff's ability to prosecute cases and has not injured the federal prosecutors personally. Thus, plaintiff has not suffered any actual injury; instead, plaintiff's alleged injury is simply conjectural and hypothetical.

Plaintiff argues in the alternative that it should not have to expose itself to injury in this situation in order to raise the issue before the Court. Specifically, plaintiff urges that federal prosecutors should not have to subject themselves to disciplinary actions which may result in the loss of their licenses before being able to raise this issue. In support of this position plaintiff cites three cases, *ANR Pipeline Co. v. Corp. Comm. of the State of Oklahoma,* 860 F.2d 1571, 1578 (10th Cir.1988); *Colautti v. Franklin,* 439 U.S. 379, 383, 99 S.Ct. 675, 679, 58 L.Ed.2d 596 (1979); and *Epperson v. Arkansas,* 393 U.S. 97, 89 S.Ct. 266, 21 L.Ed.2d 228 (1968). These cases, however, are all distinguishable from the case at hand.

In *ANR Pipeline,* the Court found injury to plaintiffs was imminent. In that case the pipelines attacked the regulation issued by the Commission prior to effectuation. The Commission which had the authority to enforce the regulations after they came into effect had ruled in an adversarial setting that it had jurisdiction to enforce its regulations concerning ratable taking by the interstate pipeline companies. *ANR Pipeline Co. v. Corp. of the State of Oklahoma,* 860 F.2d at 1577. The Commission stated that "Rule 1–305 require[s] an immediate and significant change in the Pipelines' conduct of their purchase practices." *Id.* at 1578. These statements made it clear that once the new regulations took effect the pipelines must "either comply at significant expense, or they may risk penalties." *Id.*

In the cause of action now before this Court, the rules in question have been in effect for over a year without any indication from defendants that disciplinary actions will be brought against federal prosecutors who do not comply, and in fact no such action has been brought. Thus, injury does not appear to the Court to be imminent. In fact, there is no proof that plaintiffs are threatened by the rules at all.

The Court in *Colautti* relied on an exception carved out by the United States Supreme Court in *Doe v. Bolton,* 410 U.S. 179, 188, 93 S.Ct. 739, 745, 35 L.Ed.2d 201 (1973), to justify finding a case of actual controversy when no actual injury or threat of injury had

occurred. *See Colautti,* 439 at 383, 99 S.Ct. at 679. The *Doe* Court concluded that:

> the physician-appellants, who are Georgia-licensed doctors consulted by pregnant women, also present a justiciable controversy and do have standing despite the fact that the record does not disclose that any one of them has been prosecuted, or threatened with prosecution, for violation of the State's abortion statutes. The physician is the one against whom these criminal statutes directly operate in the event he procures an abortion that does not meet the statutory exceptions and conditions. The physician-appellants, therefore, assert a sufficiently direct threat of personal detriment. They should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.

*Id.,* 410 U.S. at 188, 93 S.Ct. at 745. This exception does not however apply to the federal prosecutors in the instant matter because they do not assert a sufficient direct threat of personal detriment. Unlike the doctors who could not perform any abortions on women covered by the statute, the federal prosecutors in the instant matter can still perform their duties, and their ability to prosecute cases has not been hampered by the passing of Rules 3.3(d) and 3.8(f). This is evident by the numerous ongoing federal grand juries in Colorado since the effectuation of the rules in question. Therefore, plaintiff does not fall into the exception carved out by *Doe.*

Similarly the *Epperson* case does not appear to create an applicable exception to the actual controversy rule. Because the issue of standing was avoided in *Epperson,* this Court questions that case's authority on the issue. The only time the *Epperson* court addressed the issue of standing was in a concurring opinion written by Justice Hugo L. Black in which he does not conclude that standing existed. Justice Black stated that he was "by no means sure that this case presents a genuinely justiciable case or controversy." *Id.* 393 U.S. at 109, 89 S.Ct. at 273. He then goes on to clarify his concurrence by explaining that "[n]otwithstanding [his] own doubts as to whether the case presents a justiciable controversy, the Court brushes aside these doubts and leaps headlong into the middle of the very broad problems involved in federal intrusion into state powers to decide what subjects and schoolbooks it may wish to use in teaching state pupils." *Id.* at 110, 89 S.Ct. at 273–74. Simply because the *Epperson* court chose not to address the issue of standing does not mean that it created a new exception to the need to have an actual controversy to assert a justiciable claim. This Court thus concludes that *Epperson* did not create an exception to the actual controversy requirement and is not relevant in the instant matter.

■ In short, in order for this Court to reach the merits of the case at hand, plaintiff must be able to show that a case or controversy exists. To make such a showing plaintiff must demonstrate that actual or imminent injury has resulted or will result from the rules in question. Plaintiff failed to make such a showing. Thus it is apparent to the Court that plaintiff's claims are not justiciable and the relief sought by plaintiff in this matter is advisory and not permissible. This Court does not have subject matter jurisdiction over the issues raised in this case. Accordingly, it is

ORDERED that the Motion Of Defendants To Dismiss Complaint For Failure To Join An Indispensable Party is denied. It is

FURTHER ORDERED that the Motion Of Defendants To Dismiss Complaint For Lack Of Subject Matter Jurisdiction is granted. It is

FURTHER ORDERED that the Clerk shall enter a Judgment Of Dismissal, dismissing this Complaint and cause of action without prejudice to the matter being refiled if and when a case or controversy exists.