**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 6/28/96**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellant,

  v.

COLORADO SUPREME COURT,
GRIEVANCE COMMITTEE OF THE
SUPREME COURT OF COLORADO,
COLORADO SUPREME COURT
DISCIPLINARY COUNSEL,

      Defendants - Appellees.

---

NATIONAL ASSOCIATION OF
ASSISTANT UNITED STATES
ATTORNEYS,

      Amicus Curiae.

No. 95-1082

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D. Ct. No. 93-Z-2672)**

---

Thomas M. Bondy, Attorney (Henry L. Solano, U.S. Attorney, Kathleen L. Torres, Assistant U.S. Attorney, and Barbara L. Herwig, Attorney, with him on the briefs), Civil Division, Department of Justice, Washington, D.C., for the Plaintiff-Appellant.

Timothy M. Tymkovich, Solicitor General (Gale A. Norton, Attorney General and Laurie Rottersman, Assistant Attorney General, on the brief) for Defendants-Appellees.

Robert L. Begleiter, Constantine & Partners, New York, NY, for amicus curiae.

_____

Before TACHA, HOLLOWAY, and BRISCOE, Circuit Judges.

_____

TACHA, Circuit Judge.

_____

The issue in this case is whether the United States has standing to challenge the application of two Colorado professional ethics rules to federal prosecutors. The district court dismissed the complaint for lack of subject matter jurisdiction, stating that the United States did not have standing because it did not allege that federal prosecutors had suffered any actual or imminent injury from application of the rules. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and reverse.

BACKGROUND

The Colorado Rules of Professional Conduct ("Colorado Rules") govern the conduct of all attorneys licensed by the Colorado Supreme Court, whether they practice in the state of Colorado or elsewhere. Colo. R. Civ. P. 241.1(b); People v. Schindelar, 845 P.2d 1146, 1147 (Colo. 1993). Local Rule 83.6 of the United States District Court for the District of Colorado incorporates the Colorado Rules and applies them to all federal prosecutions conducted in the District of Colorado. Through Local Rule 83.6, the Colorado Rules also govern the activities of federal prosecutors who are not licensed in Colorado but conduct prosecutions in the District of Colorado. A violation of the

Colorado Rules constitutes professional misconduct, Colo. R. Prof. Conduct 8.4(a), and grounds for discipline, Colo. R. Civ. P. 241.6(1). Discipline may include disbarment, suspension, censure, or admonition. Colo. R. Civ. P. 241.7.

The Colorado Rules became effective in January 1993. Rule 3.3(d) states, "In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse." The comments to Rule 3.8 specify that the "ex parte proceeding" mentioned in Rule 3.3(d) includes grand jury proceedings. Rule 3.8(f) provides that "a prosecutor in a criminal case shall . . . not subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless" certain requirements are met, including that "the evidence sought is essential to the successful completion of an ongoing investigation or prosecution" and "there is no other feasible alternative to obtain the information." In addition, Rule 3.8(f) forbids a prosecutor from subpoenaing an attorney to present evidence about a client before a grand jury unless she "obtains prior judicial approval after the opportunity for an adversarial proceeding."

In December 1992, the United States Attorney for the District of Colorado wrote to the Chief Judge of the United States District Court for the District of Colorado and requested that the court amend Local Rule 83.6 to exclude application of Colorado Rules 3.3(d) and 3.8(f) to criminal prosecutions in the District of Colorado. In January 1993, the U.S. Attorney wrote to the Chief Justice of the Colorado Supreme Court and requested that the

court amend Colorado Rules 3.3(d) and 3.8(f) to prevent their application to federal prosecutions. After a year passed without a response from either court, the United States filed this suit on behalf of the United States Attorney General, the Department of Justice, and the United States Attorney's Office for the District of Colorado, seeking declaratory and injunctive relief. The complaint alleges that Colorado Rules 3.3(d) and 3.8(f) violate the Supremacy Clause because they alter the nature of the federal grand jury, conflict with federal law, and interfere with federal prosecutors in their conduct of criminal investigations and prosecutions.

The district court granted the defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). [1] United States v. Colorado Supreme Court, 871 F. Supp. 1328, 1330 (D. Colo. 1994). The court held that the United States lacked standing because federal prosecutors had suffered no injury as a result of application of the rules. The court noted that since the rules became effective in January 1993, no disciplinary or grievance proceedings had been brought against any federal prosecutor for violating the rules. Id. at 1329. Furthermore, the court determined that federal prosecutors were not injured by changing their behavior to conform with the rules because such changes did not affect the attorneys' ability to prosecute cases, and did not injure the attorneys personally.

---

[1] The district court denied the defendants' motion to dismiss for failure to join an indispensable party, the U.S. District Court for the District of Colorado, on the ground that the two rules would apply to federal prosecutors licensed in Colorado regardless of whether the district court in Colorado had adopted them by local rule. Colorado Supreme Court, 871 F. Supp. 1328, 1328-29 (D. Colo. 1994).

Id. In sum, the court held that no case or controversy existed because the United States could not show actual or imminent injury in fact, and thus could not establish the injury element of the standing requirement. The United States appeals this decision, arguing that the allegations in the complaint are sufficient to withstand a motion to dismiss.

DISCUSSION

We review the district court's decision to grant the motion to dismiss for lack of standing de novo. Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994). A motion to dismiss is appropriate when "it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief." Ash Creek Mining v. Lujan, 969 F.2d 868, 870 (10th Cir. 1992). Although the plaintiff bears the burden of establishing the elements of standing, Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992), we must accept as true all well-pleaded facts, and construe all reasonable allegations in the light most favorable to the plaintiff. Warth v. Seldin, 422 U.S. 490, 501 (1975); Hackford, 14 F.3d at 1465.

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. U.S. Const. art. III, § 2, cl. 1; Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982) . The case or controversy limitation requires that a plaintiff have standing. Defenders of Wildlife, 112 S. Ct. at 2136. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth, 422 U.S. at 498. A plaintiff has standing when (1) she has suffered an injury in fact, (2) there is a causal

connection between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a favorable decision. Defenders of Wildlife, 112 S. Ct. at 2136. An "injury in fact" is an invasion of a legally protected interest that is concrete, particularized, and actual or imminent, not conjectural or hypothetical. Id. These three elements of standing are "an indispensable part of the plaintiff's case," and thus the plaintiff must support each element "with the manner and degree of evidence required at the successive stages of the litigation." Id. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presume that general allegations embrace those specific facts that are necessary to support the claim.'" Id. at 2137 (quoting Lujan v. National Wildlife Fed'n, 497 U.S. 871, 889 (1990)).

In this case, the district court held that the United States failed to establish the first element of standing, injury in fact. We disagree. In order to establish injury in fact, "'the plaintiff must allege some concrete injury, whether actual or threatened . . . .'" Ash Creek Mining, 969 F.2d 868, 875 (quoting Glover River Org. v. United States Dep't of Interior, 675 F.2d 251, 253 (10th Cir. 1982)). The complaint in this case alleges that Colorado Rules 3.3(d) and 3.8(f) interfere with federal prosecutors in their conduct of criminal proceedings and change the nature of the federal grand jury in Colorado. These allegations are sufficiently "concrete and particularized" and "actual or imminent" to withstand a motion to dismiss.

Colorado Rule 3.3(d) requires the submission of exculpatory evidence to grand juries. The Supreme Court held in United States v. Williams, 112 S. Ct. 1735, 1745 (1992), that courts may not use their supervisory power to oblige federal prosecutors to present exculpatory evidence. Such a rule is incompatible with the federal grand jury system. "[T]he grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge." Id. at 1744. To make this assessment, "it has always been thought sufficient to hear only the prosecutor's side." Id. The Court in Williams noted that the grand jury is a constitutional entity, but "belongs to no branch of the institutional government." Id. at 1742. Consequently, the Court held, courts have very limited power to fashion rules of grand jury procedure, and certainly cannot impose rules that change the nature of the grand jury or the traditional relationship between the prosecutor, the constituting court, and the grand jury itself. Id. at 1744.

By forcing federal prosecutors to submit exculpatory evidence to the grand jury, Rule 3.3(d) effectively "alter[s] the grand jury's historical role, transforming it from an accusatory to an adjudicatory body." Id. We express no opinion on the merits of the United States's claim that Rule 3.3(d) violates the Supremacy clause, because standing does not depend on the merits of the claim. Warth, 422 U.S. at 500. However, the Supreme Court's holding in Williams supports the United States's contention that it is injured by Rule 3.3(d). By alleging that federal prosecutors have changed their practice in order to follow this rule, the United States has alleged a concrete, particularized, and actual injury in fact.

The United States has also alleged sufficient injury in fact with regard to Rule 3.8(f). Rule 3.8(f) forbids prosecutors to subpoena attorneys to present evidence before grand juries about past or present clients unless the information sought is "essential" and there is no other "feasible alternative to obtain the information." In addition, Rule 3.8(f) requires that prosecutors obtain prior judicial approval following an adversarial proceeding in order to subpoena an attorney. The United States alleges that Rule 3.8(f) delays the presentation of evidence to grand juries, and that the requirement of an adversarial hearing threatens grand jury secrecy.

These allegations are sufficient to withstand a motion to dismiss. This court has specifically held that with regard to subpoenas of attorneys before grand juries, beyond a satisfactory showing of relevance, prosecutors are not "required to make any further showing of need or a lack of another source for the subpoenaed information." In re Grand Jury Subpoenas, 906 F.2d 1485, 1496 (10th Cir. 1990). By alleging that Rule 3.8(f) creates delays and jeopardizes secrecy, the United States has established concrete, particularized, and actual injury in fact. In addition, the Supreme Court has stated that "requiring the Government to explain in too much detail the particular reasons underlying a subpoena threatens to compromise" grand jury secrecy. United States v. R. Enterprises, 498 U.S. 292, 299 (1991). Thus the United States meets the injury in fact requirement when it alleges that Rule 3.8(f)'s provision regarding judicial approval of attorney subpoenas threatens grand jury secrecy.

The defendants argue that the U. S. Attorneys' Manual contains provisions that are substantially similar to Rule 3.8(f), and consequently that Rule 3.8(f) does not require a change in federal prosecutors' behavior. However, Rule 3.8(f) requires far more from federal prosecutors than does the U.S. Attorneys' Manual. The Manual requires that all subpoenas of attorneys for information relating to the representation of a client be approved by the Assistant Attorney General of the Criminal Division. The Manual directs the Assistant Attorney General not to approve such subpoenas unless "the information sought is reasonably needed for the successful completion of the investigation or prosecution" and "all reasonable attempts to obtain information from alternative sources shall have proved unsuccessful." Rule 3.8(f)'s requirements that attorney testimony be "essential" and that there be "no other feasible alternative to obtain the information" set a higher standard for obtaining attorney subpoenas than the Manual. More importantly, Rule 3.8(f) requires judicial approval of attorney subpoenas after an adversarial hearing. This requirement creates a substantial change in federal prosecutors' practice. In addition, the adversarial hearing required by the Rule jeopardizes grand jury secrecy; no provision in the Manual has a similar effect. In sum, Rule 3.8(f) does change federal prosecutors' practice, and the United States's allegations as to those changes establishes injury in fact.

Federal prosecutors have challenged rules substantially similar to Colorado's Rule 3.8(f) in the First and Third Circuits. Whitehouse v. United States District Court for the District of Rhode Island, 53 F.3d 1349 (1st Cir. 1995); Baylson v. Disciplinary Bd. of the

Supreme Court of Pennsylvania, 975 F.2d 102 (3d Cir. 1992). In Whitehouse, the court upheld a federal district court's adoption of a state ethical rule similar to Colorado's Rule 3.8(f). 53 F.3d at 1355. The Baylson court held that adoption of such a rule falls outside the rule-making authority of the federal courts. 975 F.2d at 104. What is significant for this case, however, is that neither the Whitehouse nor the Baylson court addressed the issue of standing. A federal court does not have jurisdiction over a case if the plaintiff does not have standing, Valley Forge, 454 U.S. at 471-76, and a court must raise the standing issue sua sponte, if necessary, in order to determine if it has jurisdiction. Orr v. Orr, 440 U.S. 268, 271 (1979); FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996); Bangerter v. Orem City Corp., 46 F.3d 1491, 1497 (10th Cir. 1995); In re Thompson, 965 F.2d 1136, 1140 (1st Cir. 1992). Although the First and Third Circuits did not address standing when they decided cases very similar to this one, we must assume that those courts believed that the plaintiffs had standing as both courts proceeded to address their respective cases on the merits.

In its opinion, the district court suggested that the United States could establish standing only by alleging that disciplinary actions had been taken against a federal prosecutor who had violated the rules. This is incorrect. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a plaintiff may seek declaratory relief before actual harm occurs if she has a reasonable apprehension of that harm occurring. As we observed in ANR Pipeline v. Corporation Commission of Oklahoma,

> Parties need not . . . await the imposition of penalties under an unconstitutional enactment in order to assert their constitutional claim for an injunction in federal court. Once the gun has been cocked and aimed and the finger is on the trigger, it is not necessary to wait until the bullet strikes to invoke the Declaratory Judgment Act.

860 F.2d 1571, 1578 (10th Cir. 1988). Thus federal prosecutors need not risk disbarment by violating the Colorado Rules in order to challenge those rules in federal court.

The United States filed this suit nearly a year after the rules went into effect. The defendants suggest that this delay in filing suit undermines the United States's standing. The United States explains, however, that the U.S. Attorney requested exemptions from Rules 3.3(d) and 3.8(f) from federal district court of Colorado and the Colorado Supreme Court, and waited for a response from those bodies before commencing this lawsuit. Such efforts to avoid litigation do not cast doubt on standing in this case.

In sum, we hold that the United States's complaint sufficiently alleges the injury in fact required for standing. Thus the decision of the district court is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.