**Ruth T. STEFFENS, Allison Pleasant, Andy Pleasant and David Pleasant, Plaintiffs,**

v.

**William W. STEFFENS, John Bruce Steffens, Kristin K. Steffens, John Noffsker, Linda Schoonhoven, James D. Childress, as District Judge of the 12th Judicial District, District Court, County of Rio Grande, Colorado, Farm Credit Services, a federally chartered association, and Steffens Family Revocable Living Trust, a trust organized under the laws of Colorado, Defendants.**

**Civil Action No. 96–WM–317.**

United States District Court,
D. Colorado.

Jan. 27, 1997.

Joseph E. Losavio, Jr., Margaret L. Herdeck, Pueblo, CO, for Plaintiff/Petitioner.

Stephen H. Leonhardt, John S. Pfeiffer, David L. Joeris, Fairfield and Woods, Denver, CO, Ronald K. Reeves, David D. Pavek,

James L. Bergkamp, Jr., Messner, Pavek & Reeves, Denver, CO, Dianne E. Eret, Assistant Attorney General, Denver, CO, Edwin Lobato, Alamosa, CO, Christine J. Law, Rider & Woulf, P.C., Aurora, CO, for Defendant/Respondent.

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

MILLER, District Judge.

Before the court are motions to dismiss and motions for summary judgment filed, or joined in, by all defendants. Because the court finds that it must abstain under the doctrine of *Younger v. Harris,* the defendants' motions to dismiss are granted. All remaining motions are moot.

### I.

### *Jurisdiction.*

Plaintiffs bring this civil rights case under 42 U.S.C. § 1983. Jurisdiction is asserted under 28 U.S.C. § 1331.

### II.

### *Statement of Issue.*

Does this case present circumstances requiring abstention under the doctrine of *Younger v. Harris?*

### III.

### *Standard of Review.*

A motion to dismiss is properly granted when it appears beyond doubt that the plaintiffs could prove no set of facts entitling them to relief. The court must accept as true all well-pleaded facts and must construe all reasonable allegations in the light most favorable to the plaintiffs. *United States v. Colorado Supreme Court,* 87 F.3d 1161, 1164 (10th Cir.1996). The facts relevant and necessary for this decision are stated in plaintiffs' complaint and accepted as true.

## IV.

### Background.

This case arises out of state court proceedings in the Rio Grande County District Court for the dissolution of the marriage of plaintiff Ruth Steffens and defendant William Steffens.[1] Plaintiffs seek to undo the court-ordered sale of a principal asset of the Steffens marriage, the Rock Creek Ranch (the Ranch), a cattle ranch located in Rio Grande County, Colorado. The dissolution action is still pending, and the presiding judge, James D. Childress, is a named defendant in this case.[2]

The parties stipulated in the state court dissolution action to the sale of the Ranch as part of the division of the marital assets. By the terms of this stipulation, if the Ranch were not sold by September 1, 1995, to a third party, the husband's son and daughter-in-law, John and Kristin Steffens would be allowed to purchase the Ranch for $1,300,000. No third-party sale occurred, and John and Kristin bought the Ranch on January 17, 1996, for $1,235,000. They were financed by defendant Farm Credit, which had previously denied a loan application by a potential third-party purchaser of the Ranch. On January 19, 1996, those defendants sold 1600 acres of the 2320-acre Ranch to defendants John Noffsker and Linda Schoonhoven for $1,010,-000, retaining the balance.

Plaintiffs allege violations of procedural and substantive due process,[3] contending that the defendants prevented the sale of the Ranch to a third party for a higher price. Specifically, plaintiffs claim that the Steffens defendants interfered with the process of showing the Ranch to prospective purchasers, including intimidating possible purchasers; that Judge Kuenhold gave defendants undue advantage and acted in an arbitrary and capricious manner; and that John Steffens wrongfully obtained and attempted to enforce a restraining order preventing Ruth Steffens from trespassing upon ranch property. They also claim that Farm Credit cooperated with defendants by refusing the loan application of a qualified buyer who offered a higher price.

## V.

### Younger Abstention.

■ Plaintiffs ask this Court to enjoin the state court from confirming the sale of the Ranch in the dissolution action and to appoint a receiver to take possession of and sell the Ranch under the supervision of this Court. Although a request for an injunction in an action brought under 42 U.S.C. § 1983 does not run afoul of the Anti–Injunction Act, 28 U.S.C. § 2283, *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), a district court asked to enjoin pending state court proceedings must address the abstention considerations of *Younger v. Harris* and its progeny. *Id.* at 242–43, 92 S.Ct. at 2162 (the Court's holding that the Anti–Injunction Act does not apply to a suit brought under 42 U.S.C. § 1983 seeking an injunction of state proceedings does not "question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding").

1. *In re the Marriage of Ruth Tucker Steffens, Petitioner and William W. Steffens, Respondent, and Ruth T. Steffens, Third Party Plaintiff v. John Bruce Steffens and Kristin K. Steffens, Third Party Defendants*, Case No. 94–DR–83, District Court of Rio Grande County, Colorado.

2. Judge Childress was brought into this action by plaintiffs' second amended complaint. Prior complaints named Judge John O. Kuenhold as a defendant. Judge Kuenhold presided over the dissolution action from its inception until he recused himself in May 1996 and was replaced by Judge Childress.

   The court notes that, although the second amended complaint does not list Judge Kuenhold as a defendant, plaintiffs have not moved for, or stipulated to, his dismissal. Since the filing of the second amended complaint, Judge Kuenhold has appeared before the court as a defendant. For purposes of this opinion and order, the court will consider both Judges Kuenhold and Childress as defendants.

3. Plaintiffs also allege that defendants violated their rights of equal protection. However, plaintiffs do not assert equal protection in the description of their claim for relief, nor do they state any factual allegations which would support such a claim. Therefore, the court will address plaintiffs' claim as one for violations of due process only.

■ In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court ruled that a district court's injunction of a pending state court criminal prosecution violated "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." 401 U.S. at 41, 91 S.Ct. at 749.

■ The holding of *Younger* has been extended to require abstention in cases seeking to enjoin state civil proceedings. In *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 431–32, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982), the Court reaffirmed that "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *See also Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 11–12, 107 S.Ct. 1519, 1526, 95 L.Ed.2d 1 (1987) ("This concern mandates application of *Younger* abstention not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government").

■ The Supreme Court has established a threefold analysis for questions of abstention under *Younger.* A federal district court must abstain if (1) there is an ongoing state judicial proceeding (2) which implicates important state interests and (3) in which there is an adequate opportunity to raise constitutional challenges. *See Middlesex County Ethics Committee,* 457 U.S. at 431–32, 102 S.Ct. at 2521.

■ Applying this analysis to the present case, it is clear that the court must abstain from considering plaintiffs' claims. The dissolution action is currently pending in state court. That action involves domestic relations, an area of important state interests.[4] *Mann v. Conlin,* 22 F.3d 100, 106 (6th Cir.),

cert. denied, —— U.S. ——, 115 S.Ct. 193, 130 L.Ed.2d 126 (1994). Finally, although plaintiffs have not asserted their constitutional claims in the dissolution action, they do not contend before this Court that they lack an adequate opportunity to do so or that any remedy provided by the Colorado courts would be lacking. "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil,* 481 U.S. at 15, 107 S.Ct. at 1528.

Certainly, there is ample precedent for abstention in this type of case. *See, e.g., Kelm v. Hyatt,* 44 F.3d 415 (6th Cir.1995) (abstention proper in civil rights challenge to state court application of domestic relations statutes); *Mann v. Conlin,* 22 F.3d at 105–06 (abstained from granting equitable relief in section 1983 action challenging state court judge's manner of conducting domestic relations cases); *Liedel v. Juvenile Court of Madison County, Alabama,* 891 F.2d 1542 (11th Cir.1990) (declined to enjoin pending state court child custody proceedings); *Offutt v. Kaplan,* 884 F.Supp. 1179 (N.D.Ill.1995) (dismissed section 1983 action where *Younger* doctrine required court to abstain from staying state court child custody proceedings). And, plaintiffs have not demonstrated any bad faith, harassment, or other extraordinary circumstance which would make *Younger* abstention inappropriate. *See Middlesex,* 457 U.S. at 435–36, 102 S.Ct. at 2523.

The court's abstention decision also applies to plaintiffs' request for the appointment of a receiver. The Supreme Court premised its ruling in *Younger* on the Congressional policy "to permit state courts to try state cases free from interference by federal courts." *Younger,* 401 U.S. at 43, 91 S.Ct. at 750. To abstain from the injunction while appointing a receiver to take possession of the Ranch

---

4. In addition, the Supreme Court has frequently emphasized the importance to the states of enforcing the orders and judgments of their courts. *See, e.g., Pennzoil,* 481 U.S. at 12–14, 107 S.Ct. at 1527 (state interest in forcing a person "to transfer property in response to a court's judgment"

supported abstention); *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (state court contempt proceedings were of sufficient importance to justify *Younger* abstention). Here, Colorado has an interest in upholding the state court's order of sale of the Ranch.

and sell it under this Court's (rather than the state's) supervision clearly would frustrate the whole purpose of *Younger* abstention.

The circumstances of this case compel abstention under *Younger*.[5] Therefore, plaintiffs' complaint must be dismissed.[6]

Accordingly, it is ordered as follows:

1. The motions to dismiss filed by defendants are **GRANTED,** and this case is dismissed.

2. All other pending motions are moot.

3. Defendants may file a bill of costs on or before February 14, 1997.

---

**5.** Even if abstention were not required, other grounds for dismissal exist. To establish liability under 42 U.S.C. § 1983, plaintiffs must demonstrate deliberate conduct by a state actor to deprive the plaintiffs of constitutionally-protected rights. *Collins v. City of Harker Heights,* 503 U.S. 115, 127 n. 10, 112 S.Ct. 1061, 1069 n. 10, 117 L.Ed.2d 261 (1992). The only remaining state actors in this case are Judges Kuenhold and Childress. Plaintiffs concede that their suit is against the judges in their official capacity only, and defendants contend that claim is barred by the Eleventh Amendment.

The Supreme Court has held that neither a state nor a state official acting in his or her official capacity is a "person" within the meaning of section 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). However, plaintiffs argue an exception to this rule, namely a suit for prospective injunctive relief against a state official acting in his or her official capacity, *i.e.* plaintiffs seek to prevent the future confirmation of the Ranch sale. *Id.,* at 71 n. 10, 109 S.Ct. at 2312 n. 10. *See also Pulliam v. Allen,* 466 U.S. 522, 541–43, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984) ("judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity"). Defendants contend that the injunctive relief sought by plaintiffs is inevitably retrospective, because plaintiffs seek to undo the sale, and thus is barred by the Eleventh Amendment. *See Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982) ("the Eleventh Amendment by its terms clearly applies to a suit seeking an injunction").

The court agrees with defendants. If this Court were to enter an order granting the relief sought, the net effect of that order would be to nullify the state court's order permitting the sale and to assert jurisdiction over the Ranch to the exclusion of the state court in order to supervise re-sale of the Ranch by a receiver. The re-sale of the Ranch requires that the first sale be set aside, an action which is plainly retrospective. Accordingly, the Eleventh Amendment bars the relief sought against Judges Kuenhold and Childress, who must be dismissed. In their absence, no state actor remains to support plaintiffs' claim under section 1983.

**6.** The court does not reach the merits of plaintiffs' constitutional claims. Plaintiffs are not precluded by this case from asserting those contentions in the state court proceedings.