**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LEE R. PHILLIPS,

      Plaintiff-Appellant,

v.

GEORGE P. ELDER; MARILYN S.
HUTTON, Assistant U.S. Attorney,

      Defendants-Appellees.

No. 97-2094
(D.C. No. CIV 97-193 SC/LFG)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Lee R. Phillips, appearing pro se, appeals the district court's order dismissing her complaint seeking warrants for defendants' arrest based on their roles as attorneys for the Air Force and the United States Government in a prior civil action brought by plaintiff. The district court held that plaintiff lacked standing to initiate a criminal prosecution against another. We affirm.

We review de novo the district court's order of dismissal with prejudice for lack of standing. See United States v. Colorado Supreme Court, 87 F.3d 1161, 1164 (10th Cir. 1996). Plaintiff, as the party invoking federal jurisdiction, bears the burden to establish standing. See id. Therefore, she must show that (1) she has suffered an injury in fact, (2) there exists a causal connection between the injury and defendants' conduct, and (3) it is likely that the injury will be redressed by a favorable decision. See Bennett v. Spear, 117 S. Ct. 1154, 1161 (1997).

An "injury in fact" must invade a legally protected interest. See Colorado Supreme Court, 87 F.3d at 1164-65. Here, plaintiff's complaint seeking prosecution of others did not involve a legally protected interest because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (holding civil rights plaintiff lacked standing to require disciplinary proceedings

to be filed against another). Accordingly, we conclude that plaintiff lacks standing to require defendants' arrest on criminal charges.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Stephen H. Anderson
Circuit Judge