**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LIN DELOSSANTOS,

Plaintiff-Appellant,

v.

DAN MURDOCK, in his official and
individual capacities,

Defendant-Appellee.

No. 99-6256
(D.C. No. 99-CV-766-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Lin DelosSantos appeals from an order of the district court dismissing this case for lack of standing. We affirm.

Mr. DelosSantos sought an attorney to represent him in a Title VII suit against his former employer whom he believed had discharged him due to his Mexican heritage. He contacted Mr. Weeks and sought to engage him. Mr. Weeks stated that his fee would be the statutory fee plus forty percent of any recovery awarded on Mr. DelosSantos' substantive claims. Mr. DelosSantos agreed to those terms.

Mr. Weeks then informed Mr. DelosSantos that he had previously been sanctioned for violating Oklahoma Rules of Professional Conduct 1.5(a) for entering into an identical dual fee agreement with another client. See State ex. rel. Okla. Bar Ass'n v. Weeks, 969 P.2d 347, 357 (Okla.), cert. denied, 119 S. Ct. 593 (1998). Mr. Weeks was unwilling to proceed in Mr. DelosSantos' case without the assurance that he would not again be reprimanded. Mr. DelosSantos was unwilling to engage other counsel and, thus, commenced this suit seeking injunctive and declaratory relief which would permit Mr. Weeks to represent him without fear of reprisal from the Oklahoma Bar.

In his complaint, Mr. DelosSantos asserted that Rule 1.5(a) violates the Supremacy, Due Process, and Equal Protection clauses of the Constitution. He alleged that the rule frustrates the federal statutory scheme by which federal civil

rights claimants obtain counsel, violates his right to be represented by counsel of his choice, and classifies plaintiffs with respect to their fundamental right of access to the courts.

The district court dismissed the action holding that Mr. DelosSantos had failed to show standing. The court held that Mr. DelosSantos had not shown any actual or imminent injury and that any disciplinary action would, in fact, be imposed by the Oklahoma Supreme Court which was not a party before the court. The court held that the only party who would suffer direct injury in a disciplinary action would be Mr. Weeks. The court concluded that Mr. DelosSantos was actually asking it to settle a dispute between defendant and Mr. Weeks.

On appeal, Mr. DelosSantos argues that he has shown injury in fact. He argues that he is being prevented from obtaining the services of his counsel of choice and that it is unlikely, as the EEOC issued a no cause finding, that he will be able to find other counsel. He maintains that federal law permits him to pay counsel more than the statutory fee award and the state has violated the supremacy clause by preventing him from doing so.

"We review the district court's decision to grant [a] motion to dismiss for lack of standing de novo." United States v. Colorado Supreme Court, 87 F.3d 1161, 1164 (10th Cir. 1996). "[T]he plaintiff bears the burden of establishing the elements of standing . . . ." Id.

-3-

In determining whether a plaintiff has standing we must first look at whether the plaintiff has "suffered an 'injury in fact'--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (quotation and citations omitted). Next, "a causal connection between the injury and the conduct complained of," which is not the result of any independent action by a third party not before the court, must be established. Id. Lastly, the plaintiff must show that it is likely, not speculative, that the injury will be "redressed by a favorable decision." Id. at 561 (quotation omitted).

Mr. DelosSantos asserts that *if* Mr. Weeks were to represent him under the agreed terms, and *if* defendant were to investigate and report him to the Professional Responsibility Commission, and *if* the Commission were to authorize the filing of disciplinary proceedings before the Oklahoma Supreme Court at which defendant would act as counsel for the Oklahoma Bar Association (OBA), Mr. Weeks *might* again be sanctioned, a risk Mr. Weeks prefers not to take. Mr. DelosSantos wants this court to restrain defendant from performing his duties which include investigating complaints and representing the OBA at hearings before the Oklahoma Supreme Court. Mr. DelosSantos asserts he has suffered a concrete injury because Mr. Weeks has declined to represent him absent

-4-

assurances that the above described speculative injury will not occur. That is certainly Mr. Weeks' prerogative. However, his decision results in no concrete injury to Mr. DelosSantos.

Mr. DelosSantos has no Sixth Amendment right to counsel in a civil case. See Ficker v. Curran, 119 F.3d 1150, 1156 (4th Cir. 1997). Particularly, he has no absolute right to counsel of choice. Cf. United States v. Nichols, 841 F.2d 1485, 1502 (10th Cir. 1988) and cases cited therein. Therefore, the fact that Mr. Weeks will not represent him absent assurances that he will not be disciplined does not invade a legally protected interest of Mr. DelosSantos. Mr. DelosSantos can show no violation of the equal protection or the due process clauses of the United States Constitution. Further, the fact that Oklahoma has determined that Mr. Weeks may not charge what it has determined is a windfall fee, see Weeks, 969 P.2d at 356-57, does not violate the Supremacy Clause.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.  Mr. DelosSantos' third motion to expedite this appeal is DENIED as moot.  All other outstanding motions are DENIED.


                                    Entered for the Court


                                    Paul J. Kelly, Jr.
                                    Circuit Judge