**UNITED STATES of America, Plaintiff,**

v.

**Thomas RANSOM, Defendant.**

**No.Civ. 00–40003–01–SAC.**

United States District Court,
D. Kansas.

April 28, 2000.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the defendant's following pretrial motions: Motion to Dismiss Based on Misconduct before the Grand Jury (Dk.19); Motion for Disclosure of Rule 404(b) Evidence (Dk.21); and Motion to Compel Discovery Regarding Informant (Dk.22). The government filed a consolidated response opposing these motions. (Dk.23). A hearing on these motions was conducted April 6, 2000. Following the hearing, the defendant filed a Motion for Grand Jury Transcript (Dk.30) to which the government filed its response (Dk.31). Having reviewed the filings, heard the parties' arguments and evidence, and researched the law, the court is ready to rule.

### INDICTMENT

On January 19, 2000, the grand jury returned a four-count indictment against the

defendant Thomas Ransom. For conduct allegedly committed on October 7, 1999, count one charges distribution of less than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), and count two charges possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). For conduct allegedly committed on October 19, 1999, count three charges distribution of less than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and count four charges possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

## MOTION TO DISMISS BASED ON MISCONDUCT BEFORE THE GRAND JURY (Dk.19).

At the hearing, the court heard the testimony of Sonia Gregoire, an officer with the Junction City Police Department; Michael Life, supervisor of the drug section of the Junction City Police Department; and the confidential informant in this case, Cynthia Erichsen. It appears the charges here stem from two controlled buys made by Ms. Erichsen. In support of his motion to dismiss, the defendant called Ms. Erichsen to testify. On direct examination, she said that on the day in January of 2000 she was subpoenaed for grand jury testimony she appeared and met with the prosecuting attorney and officers Gregoire and Life. She recalls telling the prosecutor that she did not see weapons in the defendant's house during the controlled buys. After this conversation, Ms. Erichsen remembers that the prosecutor had officer Gregoire, but not Ms. Erichsen, testify before the grand jury. From this evidence, the defendant concludes that the government in withholding Ms. Erichsen's testimony engaged in conduct that "was intentionally misleading and fundamentally unfair, in violation of the Grand Jury and Due Process Clauses of the Fifth Amendment." (Dk.19, p. 2). The defendant asks the court to remedy this violation by dismissing the indictment.

On cross-examination, Ms. Erichsen testified that she had told the prosecutor about identifying a weapon shown to her by Officer Gregoire as one she had seen at the defendant's residence. She denied telling the prosecutor that she had seen this weapon during the two controlled buys. The government called Officer Gregoire who testified that following both of the controlled buys Ms. Erichsen informed the officer of seeing a firearm with a laser sight in the defendant's residence during the transaction. The government introduced into evidence two affidavits prepared by Officer Gregoire on October of 1999 and on December of 1999 that reflect the confidential informant, Ms. Erichsen, told the officer about seeing firearms in the defendant's residence during the controlled buys. When officers subsequently searched the defendant's residence, they found a firearm with a laser sight fitting the informant's previous description of it. The government also called Officer Life who testified that he was present when the prosecutor asked Ms. Erichsen if she had seen the firearm on the two controlled buys and that Ms. Erichsen answered affirmatively. Based on this evidence, the government contends that prior to the grand jury proceeding Ms. Erichsen never denied to the prosecutor or to any other officer that she saw a firearm in the defendant's residence during both controlled buys. Alternatively, the government points out that under *United States v. Williams*, 504 U.S. 36, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992), it has no obligation to present exculpatory information to the grand jury.

■ The prosecutor has no duty "to present exculpatory as well as inculpatory evidence" to the grand jury, and the "courts have no authority to prescribe such a duty pursuant to their inherent supervisory authority over their own proceedings." *United States v. Williams*, 504 U.S. 36, 52, 55, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992). The Tenth Circuit recently summarized the Supreme Court's rulings with respect to the grand jury:

A grand jury investigation is not an adversarial process. For all practical purposes the prosecution directs the proceedings, *United States v. Sells Engineering, Inc.,*

463 U.S. 418, 430, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), and potential indictees have no ability to correct inadvertent or deliberate distortions during the grand jury's fact-finding process, *United States v. Williams*, 504 U.S. 36, 47–55, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992).

*United States v. Jones*, 160 F.3d 641, 646 (10th Cir.1998); *see United States v. Colorado Supreme Court*, 87 F.3d 1161, 1165 (10th Cir.1996) (Summarizing holding in *Williams* as "courts may not use their supervisory power to oblige federal prosecutors to present exculpatory evidence"). Called only to decide whether there is enough evidence to bring criminal charges, the grand jury can make this assessment after hearing just the prosecutor's side. *United States v. Williams*, 504 U.S. at 51, 112 S.Ct. 1735; *United States v. Colorado Supreme Court*, 87 F.3d at 1165; *United States v. Byron*, 994 F.2d 747, 748 (10th Cir.1993) ("[T]he Supreme Court has left no doubt that the sole function of a grand jury is to test the government's evidence for probable cause.").

 Hoping to limit the precedential force of the Supreme Court's decision in *Williams*, the defendant contends that it did "not resolve, nor even touch upon, the constitutional questions that inhere in circumstances where the grand jury process has been abused or undermined." (Dk.20, p. 4). The defendant offers in support of his argument no citation to a judicial decision issued after *Williams*. Nor does he offer any cogent reasons for distinguishing the instant case from *Williams*. Indeed, another court recently addressed the same misguided effort to distinguish *Williams*:

> Defendant argues this case is distinguishable from *Williams* because whereas *Williams* brought his claim under the court's supervisory powers, Defendant brings his claim under the Constitution's Fifth Amendment and Due Process Clause. Defendant avers that Williams' error was simply that he "did not plead his claim correctly." To support this claim, Defendant points to the Supreme Court's

opening statement in its analysis that "Respondent does not contend that the Fifth Amendment itself obliges the prosecutor to disclose substantial exculpatory evidence in his possession to the grand jury." *Id.* at 45, 112 S.Ct. 1735.

> Defendant misses the point of the Supreme Court's statement. Rather than connoting that, in fact, petitioner would have been successful had he merely posed his claim as a constitutional one, the Court made this differentiation at the outset because the constitutional claim, as opposed to the issue of the court's supervisory power which was before the Court, was settled law. By the time *Williams* was decided, it was already well-established that there is no constitutional right or non-constitutional right of "fundamental fairness" guaranteeing that a defendant may testify before the grand jury if he so chooses. *United States v. Salsedo*, 607 F.2d 318, 319 (9th Cir. 1979). A grand jury proceeding is not an adversary proceeding in which the defendant's guilt is adjudicated. Accordingly, an accused has ... no right of cross-examination, or of introducing evidence to rebut (a) prosecutor's presentation. *United States v. Y. Hata & Co.*, 535 F.2d 508, 512 (9th Cir.), *cert. denied*, 429 U.S. 828, 97 S.Ct. 87, 50 L.Ed.2d 92 (1976). Accordingly, the Court finds Defendant's constitutional claims fail.

*United States v. Gross*, 41 F.Supp.2d 1096, 1097–98 (C.D.Cal.1999). For these same reasons, the court concludes that the defendant's constitutional arguments are unavailing here. Finally, the court finds that the evidence at the hearing does not show that prosecution engaged in any intentional misconduct. At the very most, this is an instance where the prosecution may not have understood a possible witness's testimony and, thus, relied on the law enforcement officer's testimony about the facts as recalled and recorded in reports and affidavits. In sum, the court finds the case controlled by the rule in *Williams* and denies the defendant's motion to dismiss.

## MOTION FOR DISCLOSURE OF RULE 404(B) EVIDENCE (Dk.21).

The government states that it does not intend to offer any evidence pursuant to Rule

404(b). The government remarks that the defendant and the confidential informant have known each other since high school. To establish their long-term relationship and the informant's current basis of knowledge about the defendant, the government intends to introduce evidence of their past relationship which will include "the defendant's drug usage and drug trafficking during" that period. (Dk.23, p. 2). The government argues such evidence is intrinsic and admissible independent of Rule 404(b). The defendant disputes that such evidence would be intrinsic and asks the court to order the government to disclose this evidence.

Based on the government's representation that it does not intend to offer any evidence pursuant to Rule 404(b), the court denies the motion as moot. If at trial the court finds the above evidence to be not intrinsic, but rather extrinsic, then the court will exclude this evidence for the government's failure to disclose as required by Rule 404(b).

**MOTION TO COMPEL DISCOVERY REGARDING INFORMANT (Dk.22).**

In his motion, the defendant states that the confidential informant is known to be Cynthia Erichsen and that she is the only witness to the offenses charged in the indictment. The defendant seeks an order compelling the government to disclose seven categories of information regarding Erichsen. The government responds that it will comply with the omnibus report (Dk.13, ¶ 12) and disclose the confidential informant's name and all known impeachment information to the defendant within three days of trial. At the hearing, the defendant requests that the court require the government to provide this information fourteen days before trial. Based on the omnibus report and the government's representation to comply with the same, the court denies the defendant's motion as moot but orders the government to provide this information seven days before trial.

**MOTION FOR GRAND JURY TRANSCRIPT (Dk.30).**

Pursuant to Fed.R.Crim.P. 26.2 and 46(i), the defendant requests an order directing the government to furnish the defendant with a copy of Officer Sonia Gregoire's testimony before the grand jury. The government responds that it has informed the defense counsel that a copy of the requested transcript would be provided immediately prior to the trial of this matter. The defendant filed no reply. Based on the government's representation, the court denies the defendant's motion as moot.

IT IS THEREFORE ORDERED that the defendant's Motion to Dismiss Based on Misconduct before the Grand Jury (Dk.19) is denied;

IT IS FURTHER ORDERED that the defendant's Motion for Disclosure of Rule 404(b) Evidence (Dk.21) is denied as moot;

IT IS FURTHER ORDERED that the defendant's Motion to Compel Discovery Regarding Informant (Dk.22) is denied as moot but that the government shall provide this information seven days before trial;

IT IS FURTHER ORDERED that the defendant's Motion for Grand Jury Transcript (Dk.30) is denied as moot.