**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

TONI L. SNODDY,

      Plaintiff-Appellant,

v.

JOHN D. HAWKE, as Comptroller
of the Currency; OFFICE OF THE
COMPTROLLER OF THE
CURRENCY,

      Defendants-Appellees.

No. 00-1384
(D.C. No. 99-WM-1636)
(D. Colo.)

---

ORDER AND JUDGMENT  *

---

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Toni L. Snoddy appeals from the district court's order dismissing her complaint against the Comptroller of the Currency. The district court dismissed her claim under Regulation "O," 12 C.F.R. pt. 215, for lack of standing. It granted summary judgment for the Comptroller on her Freedom of Information Act, 5 U.S.C. § 552 (FOIA) claim. It also denied her motion for leave to amend to state a claim for damages against the Comptroller. We affirm.

Ms. Snoddy states her appellate issues as follows:

> Magistrate Boland and Judge Miller denied justice to plaintiff by denying plaintiff's November 16, [1999] motion to clarify/amend her claim breach of implied contract of good faith "freely," as Fed. R. Civ. P. 15 requires, thereby enabling a ruling that plaintiff failed to achieve standing.

> Plaintiff's injury was real, and the court erred when it ruled that plaintiff did not have standing to seek money damages from the defendant, and construed plaintiff's injury argument as being the "risk of future retaliation," and that plaintiff "failed to allege a concrete injury" and that "plaintiff's injury is speculative," (Order on Recommendation of Magistrate Judge, September 15, 2000, all at p. 4).

> The federal district court made many errors of fact and law with regard to plaintiff's case which plaintiff believes violated her Constitutional right to due process and fundamental fairness.

> Plaintiff believes the court violated plaintiff's right of due process and fundamental fairness in its hasty, (1 day?) review of defendant's Vaughn Index and in its failure to consider/address plaintiff's argument, that the withheld documents listed in the Index were post-in nature, and its failure to address the issue of other documents defendant claimed to be withholding under a claim of Privacy Act Exemption.

Appellant's Opening Br. at 2-3.

"We review the district court's decision to grant [a] motion to dismiss for lack of standing de novo." *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996). Although Ms. Snoddy has the burden of establishing the elements of standing, we accept as true all the well-pleaded facts of her complaint, and construe all its reasonable allegations in the light most favorable to her. *See id.*

We also review *de novo* the district court's order granting summary judgment for the Comptroller. *Hollins v. Delta Airlines*, 238 F.3d 1255, 1257 (10th Cir. 2001). Summary judgment is proper if the moving party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Finally, we review the district court's decision denying leave to amend Ms. Snoddy's complaint for abuse of discretion. *Lambertsen v. Utah Dep't of Corr.*, 79 F.3d 1024, 1029 (10th Cir. 1996). Having carefully examined the record and the pertinent law in light of the above-mentioned standards, we determine that the district court properly dismissed Ms. Snoddy's complaint

and denied her motion for leave to amend.  The judgments of the United States
District Court for the District of Colorado are therefore AFFIRMED, for
substantially the same reasons stated in the magistrate judges' orders and
recommendations of December 7 and 20, 1999, July 10, 2000, and August 16,
2000, and the district court's orders of September 8 and 15, 2000.  The mandate
shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge