## AFL–CIO LAUNDRY AND DRY CLEANING INTERNATIONAL UNION, Plaintiff–Appellant,

v.

## AFL–CIO LAUNDRY, et al., Defendants–Appellees.

### Nos. 95–1224, 95–1337.

United States Court of Appeals, First Circuit.

Heard Sept. 12, 1995.

Decided Dec. 5, 1995.

Nathan S. Paven, with whom Paven & Norton, Braintree, MA, Warren H. Pyle, Lois H. Johnson and Angoff, Goldman, Manning, Pyle, Wanger & Hiatt, P.C. were on brief, Boston, MA, for appellant.

Shelley B. Kroll, with whom Anne R. Sills and Segal, Roitman & Coleman were on brief, Boston, MA, for appellees.

Before TORRUELLA, Chief Judge, LYNCH, Circuit Judge, and STEARNS,* District Judge.

TORRUELLA, Chief Judge.

The AFL–CIO Laundry and Dry Cleaning International Union ("the International") appeals the district court's decision to deny its motion for an injunction to compel the AFL–CIO Laundry and Dry Cleaning International Union, Local 66 ("Local 66") and several of its officers to turn over assets, books, and records to a trustee appointed by the International. We affirm the decision of the district court.

### BACKGROUND

The following facts are not in dispute. Local 66 represents laundry workers in the Somerville, Massachusetts area. On August 25, 1993, Local 66 wrote to the International requesting its approval to disaffiliate from the International in order to reaffiliate with the Amalgamated Clothing & Textile Workers International Union ("ACTWU"). The International denied Local 66's request. Thereafter, Local 66's membership voted to disaffiliate, and Local 66 informed the International of this decision on November 18, 1994.

* Of the District of Massachusetts, sitting by designation.

In response, the International declared that, under its constitution, an emergency existed with regard to Local 66. The International suspended all of Local 66's officers and appointed a trustee over Local 66. Local 66 did not recognize the trustee, and also refused to turn over its books, records, bank accounts and premises.

On December 12, 1994, the International filed a complaint requesting injunctive relief to force Local 66's officers to recognize the trustee. The district court denied this request in its Order of January 26, 1995. When the district court made its decision, the merits of the underlying dispute were before the National Labor Relations Board, which has since decided that Local 66 (now "Local 66L," but referred to in this opinion as "Local 66") will represent the workers as an ACTWU affiliate. *See Aramark Uniform Services,* Case 1–CA–32465 (N.L.R.B. May 10, 1995) (memorandum also addressing companion cases). Here, the International appeals the district court's decision denying injunctive relief.

## DISCUSSION

■ We review a district court's denial of a motion for preliminary injunction only for "abuse of discretion" or "clear error" of fact or related law. *Coastal Fuels v. Caribbean Petroleum,* 990 F.2d 25, 26 (1st Cir.1993); *Planned Parenthood League of Mass. v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir.1981).

■ To be entitled to a preliminary injunction, the International had to show the district court (1) that it would suffer irreparable harm if the injunction were not granted; (2) that such injury outweighed any harm which granting injunctive relief would inflict on the defendant; (3) a likelihood of success on the merits; and (4) that the public interest would not be adversely affected by granting the injunction. *See, e.g., Pye on Behalf of NLRB v. Sullivan Bros.,* 38 F.3d 58, 63 (1st Cir.1994); *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir.1991).

The district court denied the International's motion on the grounds that the International failed to show either likelihood that it would succeed on the merits or that it would suffer irreparable harm if the injunction did not issue. In particular, the district court found that contrary to a likelihood of success, the International was likely to fail on the merits since the trusteeship aimed at the illegitimate purpose of preventing Local 66's disaffiliation. Additionally, the district court found that the true harm to the International, the loss of the workers in Local 66, had already occurred, while the harm that the International claimed, inability to exercise its rights under its constitution, was merely "symbolic."

■ On appeal, the International responds that it is not trying to use the trusteeship to prevent disaffiliation. It explains that since disaffiliation has already taken place, it simply wishes to recover the property, books, and records of the entity it terms "Local 66, Laundry Workers," which it claims is still extant. As a result of this asserted continued existence, the International further argues that its trusteeship is valid and it will likely succeed on the merits. Furthermore, the International contends that it is favored by the balance of harms test, since this test requires that the International be given the sought-after assets in order to compete with Local 66 for worker support.

The validity of a trusteeship, as the district court recognized, is governed by Section 462 of the Labor Management Reporting and Disclosure Act, which states that:

> Trusteeships shall be established and administered by a labor organization over a subordinate body only in accordance with the constitution and bylaws of the organization which has assumed trusteeship over the subordinate body and for the purpose of correcting corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of a bargaining representative, restoring democratic procedures, or otherwise carrying out the legitimate objects of such labor organization.

29 U.S.C. § 462 (1988). Section 462 sets forth specific legitimate reasons for imposing a trusteeship that benefits a union's membership, including: correcting corruption or financial malpractice; assuring the performance of collective bargaining agreements or

other bargaining duties; and restoring democratic procedures. *Id.* However, courts have widely recognized that preventing disaffiliation is not a proper purpose under § 462 for the imposition of a trustee. *Local Union 13410 v. United Mine Workers*, 475 F.2d 906, 912 (D.C.Cir.1973); *United Bhd. of Carpenters v. Brown*, 343 F.2d 872, 873 (10th Cir. 1965); *Boilermakers v. Local Lodge 1244*, 1988 WL 114590, *5 (N.D.Ind.); *International Bhd. of Boilermakers v. Local Lodge D405*, 699 F.Supp. 749, 755 (D.Ariz.1988); *International Bhd. of Boilermakers v. Local Lodge D474*, 673 F.Supp. 199, 203 (W.D.Tex. 1987).

The International correctly contends that § 462 confers on its trustee a presumption of validity, unless Local 66 can show by clear and convincing evidence that the trusteeship was not established in good faith for a purpose under the Act. 29 U.S.C. § 464(c) (1988).[1] However, the district court found that Local 66 had met this burden, since the International made no allegations and presented no evidence of financial misdeeds or other factors that would support a trusteeship. While the International argues that the trusteeship was imposed *after* the disaffiliation, and thus could not prevent it, we conclude that by denying Local 66 current access to its records and funds, the International could forestall Local 66's attempts to gain recognition from employers as a bargaining agent affiliated with ACTWU. The strongest evidence was that the International sought the trusteeship to influence the matter of the disaffiliation vote.

On appeal, the International also contends that it requires the books and records in order for its "Local 66, Laundry Workers" to continue representing workers, a valid reason for a trusteeship under § 462. However, the district court has already found that the International and its appointed trustees were not representing workers after the disaffiliation, but were instead sitting atop an "empty shell." The district court so determined based on evidence that 98 percent of those voting from Local 66 had voted to disaffiliate and that in less than three months all but two of fifteen employers had already expressed willingness to recognize Local 66 as an ACTWU affiliate. We uphold the district court's factual finding that "Local 66, Laundry Workers" is an empty shell as not clearly erroneous, and thus reject the International's argument that it needs the assets for ongoing representation.

We also uphold the district court's finding that the balance of harms test favors denying the motion for an injunction. On appeal, the International contends that the district court failed to recognize the irreparable harm that resulted from being deprived of the assets in question while the International had bargaining rights to protect. However, the district court recognized that Local 66, ACTWU was already representing the bulk of the employees in question, and so the balance of harms favored denying the injunction. While the International may indeed have been inhibited in competing for the workers' representation, that harm does not outweigh the danger of obstructing their actual current representation. We uphold the district court's finding.[2] For the foregoing reasons, the judgment of the district court is *affirmed.* Double costs to appellee.

---

**1.** Which states that:

In any proceeding pursuant to this section a trusteeship established by a labor organization in conformity with the procedural requirements of its constitution and bylaws and authorized or ratified after a fair hearing either before the executive board or before such other body as may be provided in accordance with its constitution or bylaws shall be presumed valid for a period of eighteen months from the date of its establishment and shall not be subject to attack during such period except upon clear and convincing proof that the trusteeship was not established or maintained in good faith for a purpose allowable under section 462 of this title.
*Id.*

**2.** Appellant has asked for a status conference in order to settle the question of its entitlement to the requested records, a request which the district court may consider at its discretion.