**UNITED STATES of America, Plaintiff,**

v.

**COLORADO SUPREME COURT, Grievance Committee of the Colorado Supreme Court, Colorado Supreme Court Disciplinary Counsel, Defendants.**

No. 93–Z–2672.

United States District Court,
D. Colorado.

Jan. 5, 1998.

John M. Haried, U.S. Attorney's Office, Criminal Div., Denver, CO, Kathleen L. Torres, U.S. Attorney's Office, Civil Div., Denver CO, Henry L. Solano, U.S. Attorney's Office, Denver, CO, Timothy P. Garren, U.S. Dept. of Justice, Civil Div., Torts Branch, Washington, DC, for Plaintiff.

Maurice G. Knaizer, Attorney General's Office, General Legal Services Section, Denver, CO, Elizabeth Ann Weishaupl, Attorney General's Office, Tort Litigation Section, for Defendants.

## ORDER AND JUDGMENT

WEINSHIENK, District Judge.

This case was filed by the United States Attorney seeking declaratory and injunctive relief to prevent defendants from enforcing state rules of professional conduct against federal prosecutors. In particular, the United States asserted that Rules 3.3(d) and 3.8(f) of the Colorado Rules of Professional Conduct, which are incorporated into the Local Rules of this Court, see D.C.COLO.LR 83.6, violated the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, insofar as they applied to the conduct of federal prosecutors in the investigation and prosecution of federal crimes. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

At the time this case was commenced, Rule 3.3(d) required a lawyer appearing in an *ex parte* proceeding to inform the tribunal of all material facts known to the lawyer. The Comment to Rule 3.8 stated that Rule 3.3(d) applied to grand jury proceedings. In addition, at the time the case was brought, Rule 3.8(f)(2) required a prosecutor to obtain prior judicial approval before issuing a subpoena directed at an attorney in a grand jury proceeding.

On December 14, 1994, the Court dismissed plaintiff's claims on the grounds that no case or controversy existed in this matter, and therefore the case was not justiciable. *See United States v. Colorado Supreme Court*, 871 F.Supp. 1328, 1330 (D.Colo.1994). The United States Court of Appeals for the Tenth Circuit reversed and remanded, holding that the Complaint sufficiently alleged the injury in fact required for standing. *See United States v. Colorado Supreme Court*, 87 F.3d 1161 (10th Cir.1996).

The matter is currently before the Court on cross motions for summary judgment. The Court heard oral argument on October 28, 1997, at which time the Court issued an oral ruling and indicated that a written opinion would follow.

In February 1997, the Colorado Supreme Court amended the Colorado Rules of Professional Conduct, deleting the requirement in Rule 3.8(f)(2) that a prosecutor obtain prior judicial approval for a subpoena. Also deleted was the Comment to Rule 3.8 which stated that Rule 3.3(d) applied to grand jury proceedings. In view of these amendments, the parties agree that issues regarding Rule 3.8(f)(2), the Comment to Rule 3.8(f), and Rule 3.3(d) are moot. The one remaining

issue for the Court to determine is whether Rule 3.8(f)(1) violates the Supremacy Clause.

Rule 3.8 is entitled "Special Responsibilities Of A Prosecutor," and provides in pertinent part:

The prosecutor in a criminal case shall:

. . .

(f) not subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless:

(1) the prosecutor reasonably believes:

(i) the information sought is not protected from disclosure by any applicable privilege;

(ii) the evidence sought is essential to the successful completion of an ongoing investigation or prosecution; and

(iii) there is no other feasible alternative to obtain the information.

■ Under the existing case law, this Court determines that Rule 3.8(f)(1) cannot be applied to federal prosecutors practicing before the grand jury. Courts have overwhelmingly rejected restraints on grand jury proceedings. *See, e.g., United States v. Williams,* 504 U.S. 36, 47, 112 S.Ct. 1735, 1742, 118 L.Ed.2d 352 (1992) (striking down the Tenth Circuit's rule that prosecutor's present exculpatory evidence to the grand jury); *Baylson v. Disciplinary Bd. of S.Ct. of Pa.,* 975 F.2d 102 (3d Cir.1992), *cert. denied,* 507 U.S. 984, 113 S.Ct. 1578, 123 L.Ed.2d 147 (1993) (striking down Pennsylvania's rule requiring prosecutors to obtain prior judicial approval before issuing a subpoena to an attorney to testify before the grand jury concerning a past or present client). *See also In Re Grand Jury Subpoenas,* 906 F.2d 1485 (10th Cir.1990) (rejecting the argument that the court should impose a higher standard on grand jury subpoenas issued to attorneys); *In Re Grand Jury Subpoena For Reyes–Requena,* 913 F.2d 1118 (5th Cir. 1990), *cert. denied,* 499 U.S. 959, 111 S.Ct. 1581, 113 L.Ed.2d 646 (1991); *In Re Grand Jury Subpoena Served Upon Doe,* 781 F.2d 238 (2d Cir.1986), *cert. denied,* 475 U.S. 1108, 106 S.Ct. 1515, 89 L.Ed.2d 914 (1986). Most importantly, in *United States v. Williams,* 504 U.S. 36, 47, 112 S.Ct. 1735, 1742, 118 L.Ed.2d 352 (1992), the Supreme Court, painting with a broad brush, opined that "[b]ecause the grand jury is an institution separate from the courts, over whose functioning the courts do not preside, we think it clear that, as a general matter at least, no such 'supervisory' judicial authority exists ... ." Therefore, this Court holds that Rule 3.8(f)(1) is inconsistent with federal law, and thus invalid as applied to federal prosecutors practicing before the grand jury.

■ However, while the secrecy and integrity of the grand jury is afforded special protection that prevents substantive requirements, such as those in Rule 3.8(f)(1), from applying to federal prosecutors practicing in front of the grand jury, there is no such restraint on their practice in other criminal proceedings. A state supreme court has inherent power to discipline attorneys who practice before it or are licensed in that state. *See Whitehouse v. U.S. Dist. Court for the Dist. Of Rhode Island,* 53 F.3d 1349, 1356 (1st Cir.1995). In fact, "[t]he Supreme Court has recognized that the power of federal district courts to adopt rules regarding trials is broader than with respect to its power over the grand jury." *Id.* at 1365 (citing *Williams,* 504 U.S. at 50–52, 112 S.Ct. at 1743–1745). As defendants noted in oral argument, Rule 3.8(f)(1) limits prosecutors conduct at trial in much the same way as Rule 4.2, which prevents a prosecutor from having direct contact with clients who are represented by counsel. This nearly universal ethical rule and restriction on prosecutorial conduct has consistently been upheld. *See, e.g., United States v. Lopez,* 4 F.3d 1455, 1461 (9th Cir.1993).

The substantive requirements of Rule 3.8(f)(1), which essentially require that a prosecutor conduct an investigation and have a reasonable belief that the information sought is not privileged, is essential to the prosecution, and that there is no other feasible alternative to obtain the information, are not stringent and are derived from common sense. These substantive requirements do not exceed the power of the courts, and are not inconsistent with Federal Rule of Criminal Procedure 17, which sets forth the procedure for obtaining and serving a subpoena. Likewise, Rule 3.8(f)(1) is not inconsistent with the existing law on attorney-client privi-

lege. *See* Fed.R.Civ.P.· 501. Thus, Rule 3 .8(f)(1), as applied to proceedings other than those before the grand jury, is not inconsistent with federal law, and· does not violate the Supremacy Clause, U.S. Const. art. VI cl. 2.

In summary, the Court holds that Rule 3.8(f)(1) of the Colorado Rules of Professional Conduct is valid and enforceable, except as it pertains to federal prosecutors practicing before the grand jury. Accordingly, it is

ORDERED that plaintiff's First Claim For Relief and Second Claim For Relief, as they related to Rule 3.8(f)(2), are moot. It is

FURTHER ORDERED that defendants' Motion For Summary Judgment is granted· in part, and Rule 3.8(f)(1) is upheld as it applies to the practice of federal prosecutors outside of the grand jury. Defendants' Motion For Summary Judgment is denied in all other respects. It is

FURTHER ORDERED that the Court declares, adjudges, and decrees that Colorado Rule of Professional Conduct 3.8(f)(1) is valid and enforceable, except as it pertains to federal prosecutors practicing before the grand jury.