**Donald K. STERN, in his official capacity as United States Attorney for the District of Massachusetts, et al., Plaintiffs,**

v.

**SUPREME JUDICIAL COURT FOR THE COMMONWEALTH OF MASSACHUSETTS, et al., Defendants.**

No. CIV. 98–CV–10896–B.

United States District Court,
D. Maine.

Jan. 20, 1999.

David S. Mackey, United States Attorney's Office, Boston, MA, for plaintiffs.

Gael Correctional Officer, Michael Vhay, E. Randolph Tucker, Timothy J. Veeser, Hill & Barlow, Boston, MA, for defendants.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

In this action for declaratory and injunctive relief, Plaintiff Donald K. Stern, United States Attorney for the District of Massachusetts, seeks to prevent enforcement of Rule 3.8(f) of the Massachusetts Rules of Professional Conduct ("Rule 3.8(f)" or "the Rule").[1] Defendants are the United States District Court for the District of Massachusetts ("District Court"), the United States District Court Judges for the District of Massachusetts ("District Court Judges"), and Arnold R. Rosenfeld, Bar Counsel for the Board of Bar Overseers ("Rosenfeld").[2] Currently before the Court are Plaintiff's Motion for Preliminary Injunction and Defendants District Court and District Court Judges' Motion to Dismiss for lack of ripeness. At an October 6, 1998 hearing on these motions, the parties agreed that resolution of Plaintiff's claims for permanent and declaratory relief also was appropriate at this time and that they be consolidated for disposition. For the reasons set forth below, Defendants' Motion to Dismiss is DENIED and Plaintiff's requests for preliminary and permanent injunction and declaratory judgment also are DENIED.

## I. BACKGROUND

Rule 3.8(f) was promulgated by the Supreme Judicial Court of Massachusetts as an amendment to the Massachusetts Rules of Professional Conduct. The Rule governs the conduct of prosecutors who seek to subpoena a lawyer to testify about a client. It provides as follows:

The prosecutor in a criminal case shall . . .

---

1. By stipulation dated October 2, 1998, the parties dismissed Craig C. Donsanto, Director, Election Crimes Branch, Criminal Division, Department of Justice, as a plaintiff in the case.

2. By stipulation dated October 2, 1998, the parties dismissed the Supreme Judicial Court of Massachusetts and the Massachusetts Board of Bar Overseers as defendants in the case.

(f) not subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless:

  1) the prosecutor reasonably believes:

   (i) the information sought is not protected from disclosure by any applicable privilege;

   (ii) the evidence sought is essential to the successful completion of an ongoing investigation or prosecution; and

   (iii) there is no other feasible alternative to obtain the information; and

  2) the prosecutor obtains prior judicial approval after an opportunity for a prior adversarial proceeding.

Mass. R. Prof. Conduct 3.8(f).

The United States District Court for the District of Massachusetts adopted Rule 3.8(f) pursuant to Local Rule 83.6(4) of that court, which provides that the Massachusetts Rules of Professional Conduct govern the conduct of lawyers appearing before the United States District Court for the District of Massachusetts "except as otherwise provided by specific rule of this court after consideration of comments by representatives of bar associations within the Commonwealth." Local R. 83.6(4)(b) of the United States District Court for the District of Massachusetts. In a letter to the District Court dated November 17, 1998, Plaintiff Stern requested that it decline to adopt Rule 3.8(f). Chief Judge Tauro responded by letter stating that after extensive discussion of the issue among the District Judges, "the court declines at this time to modify Local Rule 83.6" so as to except Rule 3.8(f) from its reach. (Compl.¶ 10.) He also noted that "to the degree that the issues discussed in your letter of November 17 may require resolution, the court anticipates that this will be done in particular cases or controversies appropriate for judicial determination." *Id.*

Rule 3.8(f) subsequently took effect in the Commonwealth of Massachusetts and in the United States District Court for the District of Massachusetts on January 1, 1998. It applies to all state and federal prosecutors who are members of the Bar of the Supreme Judicial Court of Massachusetts and to all federal prosecutors appearing before the United States District Court for the District of Massachusetts.[3]

Prior to the adoption of Rule 3.8(f), service of subpoenas on lawyers by federal and state prosecutors in Massachusetts was governed by Supreme Judicial Court Rule 3.08, PF 15 ("Rule 3.08").[4] While former Rule 3.08 simply required prosecutors to seek judicial approval before subpoenaing lawyers to testify about their clients in front of a grand jury, Rule 3.8(f) additionally provides for the opportunity for an adversarial hearing and sets forth three criteria about which a prosecutor must have a reasonable belief. The First Circuit upheld former Rule 3.08 against a challenge by federal prosecutors much like the one raised here. *See United States v. Klubock,* 832 F.2d 664, 667–68 (1st Cir.1987) (en banc) (evenly divided court).

Just as under prior practice pursuant to former Rule 3.08, federal prosecutors seeking to subpoena a lawyer regarding a client in a 3.8(f) regime are subject to guidelines pro-

---

**3.** The Supreme Judicial Court and the Board of Bar Overseers monitor the compliance of their members with all Massachusetts Rules of Professional Conduct, including Rule 3.8(f). The United States District Court enforces Rule 3.8(f) with respect to attorneys appearing before it. In his affidavit, Defendant Rosenfeld states that the Board of Bar Overseers would not institute disciplinary action pursuant to Rule 3.8(f) against federal prosecutors who are members of the Bar of the Supreme Judicial Court of Massachusetts practicing in a state or federal court outside the Commonwealth. (Rosenfeld Aff. ¶ 9.) As the party responsible for prosecuting violations of the Massachusetts Rules of Professional Conduct on behalf of the District Court, Defendant Rosenfeld further states that any disciplinary action pursu-

ant to Rule 3.8(f) against a federal prosecutor in connection with a proceeding in the United States District Court for the District of Massachusetts will be initiated in federal court, not in state court or before the Board of Bar Overseers. (Rosenfeld Aff. ¶ 8.)

**4.** Rule 3.08 provided that:

   It is unprofessional conduct for a prosecutor to subpoena an attorney to a grand jury without prior judicial approval in circumstances where the prosecutor seeks to compel the attorney/witness to provide evidence concerning a person who is represented by the attorney/witness.

*Klubock,* 832 F.2d at 649.

mulgated by the Department of Justice. The guidelines provide that before approving such a subpoena, the Assistant Attorney General for the Criminal Division must apply the following principles:

- The information sought shall not be protected by a valid claim of privilege.

- All reasonable attempts to obtain the information from alternative sources shall have proved to be unsuccessful.

- In a criminal investigation or prosecution, there must be reasonable grounds to believe that a crime has been or is being committed, and that the information sought is reasonably needed for the successful completion of the investigation or prosecution. The subpoena must not be used to obtain peripheral or speculative information . . . .

- The need for the information must outweigh the potential adverse effects upon the attorney-client relationship. In particular, the need for the information must outweigh the risk that the attorney may be disqualified from representation of the client as a result of having to testify against the client.

The subpoena must be narrowly drawn and directed at material information regarding a limited subject matter and shall cover a reasonable, limited period of time.

United States Attorney's Manual § 9–13.410.

In support of his Motion for Preliminary Injunction, Plaintiff asserts that from November 1993 to September 1997, the United States Attorney for the District of Massachusetts sought authorization from the Department of Justice to serve approximately 199 subpoenas on lawyers concerning their present or former clients. Plaintiff also represents that when Rule 3.8(f) took effect he ordered a moratorium on all subpoenas to lawyers pending the outcome of this action. At this time, Plaintiff states that his office

has at least 26 subpoenas to lawyers awaiting issuance. (Stern Aff. ¶ 15.)

## II. MOTION TO DISMISS

The District Court and the District Court Judges move this Court to dismiss Plaintiff's claim for lack of subject matter jurisdiction on the ground that it is unripe or, in the alternative, to decline to decide the case in an exercise of its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201–2202 (1994). The Court finds Defendants' arguments sound, and acknowledges that under some circumstances, they might be dispositive. Nevertheless, the Court is convinced that this controversy is amenable to resolution as currently configured and that resolution is desirable at this time as a matter of practical necessity and in the interest of judicial economy.

The issue for decision in this case is whether the District Court has the power to adopt Rule 3.8(f). As evidenced by the discussion of the merits set forth below, this is primarily a legal question resolution of which would not be aided by further factual development. *State of Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 693 (1st Cir.1994) (finding case ripe, in part, because statutory interpretation is purely legal issue). Moreover, the issue has been well-briefed and argued by the parties. Dismissal at this stage would lead to redundant and piecemeal proceedings throughout the District of Massachusetts. Finally, and in the Court's view most importantly, this matter has been pending before the courts for over seven months. During that time, Plaintiff's self-imposed moratorium on subpoenas to lawyers has delayed the service of over 26 subpoenas and presumably compromised multiple grand jury investigations. The Court is persuaded that prompt resolution of the issue is warranted in the interest of all concerned. Recent passage of 28 U.S.C. § 503B only strengthens the Court's position that its decision is both timely and correct.[5] The Court

---

5. During the pendency of this action, the President signed into law H.R. 4276 § 811, to be codified at 28 U.S.C. § 503B ("Section 503B"). The statute, which is scheduled to take effect on April 19, 1999, provides as follows:

An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in the State.

therefore exercises its discretion to decide this case. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ("the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants"). Defendants' Motion to Dismiss is denied.

### III. INJUNCTIVE AND DECLARATORY RELIEF

■ Plaintiff seeks a preliminary and permanent injunction against enforcement of Rule 3.8(f), as well as declaratory relief. To merit a preliminary injunction, a movant must establish four criteria: (1) that irreparable harm will result to the movant if the injunction is not granted; (2) that the harm to the movant from a denial of an injunction outweighs the harm to the defendant caused by a grant of injunction; (3) that the movant is likely to succeed on the merits; and (4) that a grant of injunction would not adversely affect the public interest. *See AFL–CIO Laundry & Dry Cleaning Int'l Union v. AFL–CIO Laundry,* 70 F.3d 717, 718 (1st Cir.1995). "Where, as here, the action has been consolidated—allowing the parties a full opportunity to present the merits of their cases—and permanent injunctive relief is involved, the standard of review is essentially the same except that the movant must show actual success on the merits rather than a mere likelihood." *K–Mart Corp. v. Davis,*

756 F.Supp. 62, 66 (D.P.R.1991) (citing *Amoco Prod. Co. v. Village of Gambell,* 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)). Likewise, a request for declaratory relief requires resolution on the merits. Thus, the Court now turns to the merits of the case.[6]

As mentioned above, the Massachusetts Supreme Judicial Court and the United States District Court for the District of Massachusetts have required prosecutors to seek judicial approval before subpoenaing lawyers to testify about their clients in front of a grand jury since 1986 pursuant to Supreme Judicial Court Rule 3.08. Rule 3.8(f) differs from former Rule 3.08 in two relevant ways: first, it lists three specific criteria about which a prosecutor must have a reasonable belief before subpoenaing a lawyer; and second, it mandates the opportunity for an adversarial hearing. The issue in this case is whether the additional requirements of Rule 3.8(f) are within the District Court's rulemaking power as delineated by the First Circuit in *United States v. Klubock,* 832 F.2d 664 (1st Cir.1987) in which former Rule 3.08 was found to have been validly adopted, and *Whitehouse v. United States District Court for the District of Rhode Island,* 53 F.3d 1349 (1st Cir.1995), a subsequent case upholding the adoption of a similar local rule by the District Court for the District of Rhode Island.

■ The power of a district court to enact

---

28 U.S.C. § 503B(a).

While Section 503B does not definitively settle the issue presented in this case, as Defendants claim, it nevertheless is relevant. Assuming Section 503B becomes effective, which Plaintiff argues is far from certain, Rule 3.8(f) would apply to federal prosecutors appearing in federal court in the Commonwealth of Massachusetts as a state ethical rule regardless of whether the District Court had ever adopted it. Presumably, however, the application of the Rule by the state still would be subject to challenge on Supremacy Clause grounds if it conflicted with the Constitution or the Federal Rules of Criminal Procedure. Similarly, as Plaintiff points out, Section 503B cannot empower district courts to adopt rules governing the behavior of attorneys that squarely conflict with the Constitution or federal law. If Rule 3.8(f) is inconsistent with the Federal Rules of Criminal Procedure or federal common law

governing a district court's power to regulate the grand jury, as Plaintiff alleges, it cannot legitimately be adopted by the District Court. Thus, neither the recent adoption of Section 503B nor its future application eliminate the need for a court to resolve the issues presented in this case. On the other hand, once a court has concluded that Rule 3.8(f) is consistent with the Rules of Criminal Procedure and other rules governing the grand jury, the enactment of Section 503B leaves no doubt that Congress intended to give district courts the power to adopt it.

6. Since the Court concludes that Plaintiff is not entitled to prevail on the merits of his claim, it need not consider whether Plaintiff has satisfied the other requirements for injunctive relief, nor the issue raised by the parties concerning the appropriate standard for injunctive relief where the movant is a government entity.

rules derives from 28 U.S.C. § 2071(a),[7] Rule 57 of the Federal Rules of Criminal Procedure,[8] and "certain inherent rule-making powers arising from the nature of the judicial process." *Whitehouse,* 53 F.3d at 1355. A rule is presumptively valid unless:

1) the rule conflicts with an Act of Congress;

2) the rule conflicts with the Federal Rules of Criminal Procedure;

3) the rule is constitutionally infirm; or

4) the subject matter governed by the rule is not within the power of the district court to regulate.

*Id.* Plaintiff claims that Rule 3.8(f) conflicts with Rules 6(e), 17, and 57 of the Federal Rules of Criminal Procedure, as well as with federal common law governing a district court's supervisory power over the grand jury. Specifically, Plaintiff objects to three portions of the Rule: 1) the requirement of prior judicial approval; 2) the requirement of an adversarial hearing; and 3) the ethical requirements imposed on prosecutors. He argues that these features render Rule 3.8(f) beyond the District Court's rule-making power because they involve the district court substantively in the subpoena process and compromise the grand jury's secrecy and investigative functions.

Defendants respond that Plaintiff's claims are foreclosed by *Whitehouse.* In *Whitehouse,* the First Circuit considered a local rule adopted by the District Court for the District of Rhode Island ("Rhode Island rule"). The Rhode Island rule is similar to Rule 3.8(f) except that its substantive criteria

and requirement of an opportunity for an adversarial hearing are contained in a comment to the rule, rather than its text.[9] In upholding the Rhode Island rule, the Court found that the rule was not inconsistent with Rules 17 and 57 of the Federal Rules of Criminal Procedure. *See id.* at 1362–65. The Court also found that the rule did not constitute an invasion of the province of the grand jury by the district court because it regulated the conduct of lawyers, not that of grand juries, and concluded that the district court had the power, whether statutory or inherent, to enact a "prophylactic rule[ ] to regulate perceived abuse by attorneys." *Id.* at 1356.

Crucial to the First Circuit's conclusion in *Whitehouse* was the Court's observation that the Rhode Island rule's requirements that the information be "essential" and that there be no "feasible alternative" to obtain it were contained in a non-binding comment. *See id.,* at 1357 n. 12. Indeed, the Court strongly suggested that had these requirements been binding, the rule would have worked a change in the substantive law concerning grand juries by extending the showing required to obtain prior judicial approval for a subpoena beyond the showing required for a successful motion to quash.[10] *See id.* at 1358 n. 12. The Court affirmed the district court's authority to adopt the rule as written, however, because "in effect [it] merely change[d] the timing with respect to motions to quash." *Id.* at 1358.

■ Plaintiff maintains that the textual differences between Rule 3.8(f) and the

---

**7.** 28 U.S.C. § 2071(a) provides:

The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court.
28 U.S.C. § 2071(a) (1994).

**8.** Rule 57 of the Federal Rules of Criminal Procedure provides in relevant part:

(a)(1) Each district court by action of a majority of the judges thereof may, after giving appropriate public notice and an opportunity to comment, make and amend rules governing its practice. A local rule shall be consistent with—but not duplicative of—Acts of Congress and rules adopted under 28 U.S.C. § 2072.

Fed.R.Crim.P. 57.

**9.** The text of the Rhode Island rule upheld by the First Circuit provides:

The prosecutor in a criminal case shall:
(f) not, without prior judicial approval, subpoena a lawyer for the purpose of compelling the lawyer to provide evidence concerning a person who is or was represented by the lawyer when such evidence was obtained as a result of the attorney-client relationship.
*Whitehouse,* 53 F.3d at 1353.

**10.** A subpoena will be quashed if (1) the material sought is privileged or (2) compliance would be unreasonable or oppressive. *See id.* 53 F.3d at 1357 (citing *Branzburg v. Hayes,* 408 U.S. 665, 688, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972)).

Rhode Island rule distinguish this case from *Whitehouse.* This contention is based, in large part, on Plaintiff's interpretation of Rule 3.8(f) as mandating that a prosecutor demonstrate the criteria specified in Rule 3.8(f)(1)(i-iii) in order to obtain judicial approval of a subpoena. According to Plaintiff, the imposition of the requirements that a prosecutor demonstrate that the information sought is "essential" and that "there is no other feasible alternative to obtain the information" exceeds the district court's rule-making authority because such a showing goes far beyond matters considered in the context of a motion to quash. Furthermore, Plaintiff's reading of Rule 3.8(f) as requiring that this showing be made at an adversarial hearing prompts Plaintiff to argue that the Rule compromises grand jury secrecy to a far greater extent than previous practice pursuant to former Rule 3.08.

Defendants do not seriously challenge Plaintiff's assertion that Rule 3.8(f) was invalidly adopted if Rule 3.8(f)(2) incorporates the requirements of Rule 3.8(f)(1). In fact, Defendant Rosenfeld conceded at oral argument that if the Rule is so interpreted, *Whitehouse* may well preclude its lawful adoption by the District Court. However, Defendants vigorously contest Plaintiff's reading of Rule 3.8(f). They argue that the criteria enumerated in Rule 3.8(f)(1) are independent of Rule 3.8(f)(2)'s requirement of prior judicial approval and an opportunity for an adversarial hearing, and that the existence of a prosecutor's reasonable belief as to those criteria merely constitutes permissible grounds for the District Court to initiate discipline against a prosecutor.[11] In Defendants' view, the nature of the inquiry for prior judicial approval is therefore no different from that which occurred under former Rule 3.08 and no more burdensome on a grand jury than the process triggered by a motion to quash. Thus, Defendants argue,

the District Court's power to adopt rule 3.8(f) is clearly established by *Klubock* and *Whitehouse.*

In order to resolve this controversy, the Court will examine each of the three aspects of Rule 3.8(f)—its requirement of prior judicial approval, its mandate of an opportunity for an adversarial hearing, and its ethical standards—which Plaintiff claims render it beyond the District Court's power to adopt. However, since analysis of each of these requirements depends to some extent on whether, as Plaintiff argues, Rule 3.8(f)(2) incorporates the criteria of Rule 3.8(f)(1), it is first necessary for the Court to construe the Rule.

The Court finds that Rule 3.8(f) does not require that a prosecutor demonstrate the criteria enumerated in 3.8(f)(1) to secure the judicial approval of an attorney subpoena required by 3.8(f)(2).[12] This reading of the Rule is based on several considerations. First, careful examination of the plain language of Rule 3.8(f) indicates that Rule 3.8(f)(2) does not incorporate the criteria of 3.8(f)(1): the criteria are required objects of a prosecutor's reasonable belief, not the basis for judicial approval. That this interpretation of the text of Rule 3.8(f) is correct becomes more clear when contrasted with the text of the comment to the Rhode Island rule which states in relevant part:

> The committee believes that a court called upon for judicial approval should be guided by appropriate standards. Accordingly, *prior judicial approval should be withheld unless* the information sought is not protected from disclosure by an applicable privilege, (2) the evidence sought is essential to the successful completion of an ongoing investigation or prosecution and is not merely peripheral, cumulative, or speculative ... (5) the prosecutor has unsuccessfully made all reasonable attempts to obtain the information sought from non-

---

11. Defendant Rosenfeld avers that this is his interpretation of Rule 3.8(f). (Rosenfeld Aff. ¶ 10.)

   The District Court and the District Court Judges take the position that this interpretation of Rule 3.8(f) is an entirely reasonable alternative to the one put forth by Plaintiff. They note, however, that they refrain from arguing in favor

of any particular interpretation to avoid rendering an advisory opinion.

12. The Court notes, however, that as a practical matter, a court faced with a request for an attorney-subpoena is likely to engage in a similar inquiry in the course of determining whether issuance of the subpoena is appropriate.

attorney sources and there is no feasible alternative to obtain the information.

*Whitehouse,* 53 F.3d at 1366 app. A (emphasis added) (internal citation omitted). Second, Plaintiff presents no reasons why Rule 3.8(f) should be interpreted otherwise and absolutely no evidence, beyond bare assertion, that it will be.

To the extent that Plaintiff's requests for declaratory and injunctive relief are premised on the *possibility* that other courts will interpret Rule 3.8(f) differently when presented with an attorney-subpoena, the Court finds that such speculation has no impact on the issue for decision in this case, that is, whether the District Court had authority to adopt Rule 3.8(f). The Rule as written need not be construed to conflict with other statutes nor to exceed the District Court's rule-making power, and there is no reason to suppose that it would be so construed. *See id.* at 1358 n. 12. Furthermore, in the event that the parties or other courts do not find this Court's reasoning regarding the construction of the Rule persuasive, such conflicts appropriately may be resolved at the Circuit level.

Before examining each of the three requirements of Rule 3.8(f) to which Plaintiff objects, the Court will address two opinions from other jurisdictions, *Baylson v. Disciplinary Bd. of the Supreme Court of Pa.,* 975 F.2d 102 (3rd Cir.1992) and *United States v. Colorado Supreme Court,* 988 F.Supp. 1368 (D.Colo.1998), which Plaintiff cites throughout his brief in support of his position that the Rule was invalidly adopted. In *Baylson,* the Third Circuit invalidated the adoption by the District Court for the District of Pennsylvania of a state disciplinary rule virtually identical to the Rhode Island rule which the First Circuit found validly adopted three years later in *Whitehouse. See Baylson,* 975 F.2d at 104. The Court in *Whitehouse* noted that *Baylson* did not address the question of whether the local rule was beyond the district court's power to adopt and explicitly rejected the *Baylson* court's finding that the local rule conflicted with the Federal Rules of Criminal Procedure. *See Whitehouse,* 53 F.3d at 1356, 1362–1365. For these reasons,

this Court finds Plaintiff's reliance on *Baylson* misplaced.

In *Colorado Supreme Court,* the district court considered a disciplinary rule ("Colorado rule") which forbade a prosecutor from subpoenaing a lawyer to a grand jury to testify about a client unless the prosecutor reasonably believed that the information sought was (i) not privileged, (ii) essential to the successful completion of an ongoing investigation, and (iii) unobtainable by any feasible alternative means. *See Colorado Supreme Court,* 988 F.Supp. at 1370. Federal prosecutors sought injunctive and declaratory relief from application of the rule to them by the Disciplinary Board of the State Supreme Court. *See id.* at 1369. The district court held that the rule placed impermissible restraints on the grand jury rendering it inconsistent with federal law, and that its application by the state to federal prosecutors therefore violated the Supremacy Clause. *See id.*

The Court is unpersuaded by *Colorado Supreme Court* for several reasons. First, the case is readily distinguishable from the one at bar because in that case the district court did not have occasion to consider whether a federal district court had the authority to adopt the rule since the prosecutors brought suit only against the state court. Second, despite the textual symmetry between the Colorado rule and Rule 3.8(f)(1), the Court does not agree that such rules impermissibly restrain the grand jury. Rule 3.8(f)(1), which the Court has concluded is not incorporated into Rule 3.8(f)(2), does not affect the grand jury; rather, it is merely an ethical rule governing prosecutors. As such, it is well within a federal district court's power to adopt. *See Whitehouse,* 53 F.3d at 1356, 1364.

The Court now resolves Plaintiff's objections to Rule 3.8(f)'s requirements of prior judicial approval and an opportunity for an adversarial hearing, and to the Rule's ethical proscriptions.

### 1. Prior judicial approval

The Court's finding that Rule 3.8(f)(2) does not incorporate the criteria of 3.8(f)(1)

makes clear that Rule 3.8(f)'s requirement of prior judicial approval is no different from the requirement of prior judicial approval contained in former Rule 3.08 which was upheld in *Whitehouse. See id.* at 1357–58. Thus, the Court holds, as it must under binding precedent, that the District Court's adoption of Rule 3.8(f)(2)'s requirement of prior judicial approval is a valid act of its rulemaking authority.

## 2. Adversarial Hearing

■ Given the Court's interpretation of Rule 3.8(f), Plaintiff's argument that the Rule's requirement of the opportunity for an adversarial hearing renders adoption of the Rule invalid is not persuasive. Since a prosecutor is not required to demonstrate that the information sought is "essential," nor that there is "no feasible alternative source for the information," the substance of the disclosure at an adversarial hearing pursuant to Rule 3.8(f) is no greater than the disclosure required to survive a motion to quash. The same degree and timing of disclosure already has been upheld by the First Circuit in *Whitehouse. See id.* at 1358 (finding former Rule 3.08 "merely change[d] the timing with respect to motions to quash"). Moreover, nothing in Rule 3.8(f) prevents a court, in the exercise of its discretion, from holding the adversarial hearing *in camera* to protect material from public disclosure as regularly is done in the context of motion to quash.[13] *See id.*

Plaintiff maintains, however, that disclosure of grand jury material even to the target of the subpoena and to counsel threatens the secrecy and investigative function of the grand jury. He argues that Rule 3.8(f)'s requirement of an opportunity for an adversarial hearing will result in such disclosure and thus can be distinguished as more viola-tive of grand jury secrecy than former Rule 3.08 under which application for prior judicial approval was made ex parte and under seal.

Plaintiff's concern is unfounded. The Court observes that if disclosure would be detrimental in a specific case, Rule 3.8(f) does not preclude a court from receiving *ex parte* submissions as occurs with regard to motions to quash. *See e.g., In re Grand Jury Proceedings (Hill),* 786 F.2d 3, 7–8 (1st Cir.1986) (upholding submission of ex parte affidavits by government in opposition to motion to quash); *In re Grand Jury Subpoena (Legal Services Center),* 615 F.Supp. 958, 966 (D.Mass.1985) (same); *In re Grand Jury,* 103 F.3d 1140, 1145 (3rd Cir.1997) (same), *cert. denied,* 520 U.S. 1253, 117 S.Ct. 2412, 138 L.Ed.2d 177 (1997); *see also* Woodlock Aff. ¶¶ 14–16. For this reason, the requirement of an opportunity for an adversarial hearing presents no more risk of disclosure than did former practice under Rule 3.08 or present practice on a motion to quash, nor does the requirement conflict with Rule 6(c)(5–6) of the Federal Rules of Criminal Procedure.[14]

Plaintiff additionally claims that an opportunity for an adversarial hearing will cause delays that will interfere with grand jury investigations. The Court finds this argument without merit. First, as Defendants point out, nothing in the Rule prevents a grand jury from overcoming delay by exercising its own subpoena power. Second, Plaintiff presents no evidence that more attorneys will avail themselves of Rule 3.8(f)'s opportunity to avoid a subpoena than the small number who file motions to quash. Third, given that the substance of the two inquiries is the same, the Court finds it likely that any adversarial hearing which does occur will likely eliminate the need for a motion to quash. Thus, the opportunity for an ad-

---

13. The Court notes that an *in camera* hearing likely would be necessary in every instance in order to preserve grand jury secrecy. Judge Woodlock concurs. (Woodlock Aff. ¶ 16.)

14. Rule 6(e)(5) provides:

Closed Hearing. Subject to any right to an open hearing in contempt proceedings, the court shall order a hearing on matters affecting a grand jury proceeding to be closed to the extent necessary to prevent disclosure of matters occurring before a grand jury.
Fed.R.Crim.P. 6(e)(5).
Rule 6(e)(6) provides:
Sealed Records. Records, orders and subpoenas relating to grand jury proceedings shall be kept under seal to the extent and for such time as is necessary to prevent disclosure of matters occurring before the grand jury.
Fed.R.Crim.P. 6(e)(6).

versarial hearing prior to the issuance of a subpoena will cause no greater delay than a post-issuance motion to quash. Fourth, the Rule does not prevent adversarial hearings from being held on an expedited basis if necessary.[15] Finally, speculation regarding delay does not impact the question of whether the District Court has the power to adopt Rule 3.8(f). If, in fact, the application of the adversarial hearing requirement results in delays that threaten the grand jury process, Plaintiff may seek redress at that time.

### 3. Ethical Standards

■ At oral argument, Plaintiff for the first time appeared to challenge the District Court's adoption of the ethical criteria of Rule 3.8(f)(1). Plaintiff expressed concern that a prosecutor would be disciplined for a failure to present sufficient evidence to a judge that the subpoena sought concerned "essential" information and that there existed "no other feasible alternative to obtain the information."[16] Here too, however, the Court's interpretation of Rule 3.8(f) negates Plaintiff's concern because no such showing is required to obtain prior judicial approval of a subpoena.

Plaintiff nevertheless objects to the district court's imposition of these ethical requirements on prosecutors because the threat of discipline concerning a prosecutor's own alleged lack of a "reasonable belief" as to the criteria set forth in Rule 3.8(1) will chill prosecutors in the discharge of their responsibilities with respect to grand juries. In particular, Plaintiff anticipated that disgruntled targets of grand jury investigations whose lawyers had been subpoenaed will instigate disciplinary action against prosecutors. In addition, Plaintiff argued that the ethical requirements of Rule 3.8(1) are unnecessary because the attorney-client relationship is adequately protected by the Department of Justice Guidelines for attorney-subpoenas.

The Court acknowledges that Rule 3.8(f) subjects federal prosecutors to discipline for

lack of a reasonable belief concerning the criteria listed in Rule 3.8(f)(1). Rule 3.8(f) is an ethical rule. As the Court has noted elsewhere in this opinion, however, the First Circuit has made clear that a district court has the power to adopt ethical rules governing attorneys so long as they do not violate the Constitution or statute. *See Whitehouse,* 53 F.3d at 1356, 1364. Neither Plaintiff's opinion concerning the wisdom and necessity of Rule 3.8(f) nor his speculation regarding its consequences are grounds for invalidating its adoption. Moreover, the enactment of 28 U.S.C. § 503B signals Congress's belief that the Department of Justice guidelines are insufficient and its desire that the states and the federal courts play a greater role in governing the conduct of government attorneys.

Because the Court finds that Plaintiff does not succeed on the merits of his claim, his requests for injunctive and declaratory relief are denied.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is DENIED and Plaintiff's requests for a preliminary and permanent injunction and declaratory judgment are also DENIED.

*SO ORDERED.*

---

**15.** Judge Woodlock states that Local Rule 40.4(a)(2) provides that motions related to grand jury investigations may receive prompt consideration. (Woodlock Aff. ¶ 17.)

**16.** Defendant Rosenfeld states in his affidavit that he would not bring disciplinary action

against prosecutors on this basis. (Rosenfeld Aff. ¶ 11.)

